**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KANSAS CITY SOUTHERN RAILWAY COMPANY** | **CIVIL ACTION** |
| | **NUMBER 10-770-JJB-DLD** |
| **VERSUS** | |
| **DIXON & SONS TRUCKING COMPANY, ET AL** | |

**CONSOLIDATED WITH**

| | |
|---|---|
| **KIRKLAND WRIGHT, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-845-JJB-DLD** |
| **WESTERN WORLD INSURANCE COMPANY, ET AL** | |

## MAGISTRATE JUDGE'S REPORT

This matter comes before the court on plaintiffs Kirkland Wright and Kemetrick Thomas' motion to remand (rec. doc. 5) originally filed in *Kirkland Wright, et al v. Western World Insurance Company, et al,* (Civil Action No. 10-845-BAJ-DLD). After defendants removed the case to federal court, it was consolidated with *Kansas City Southern Railway (KCS) v. Dixon & Sons Trucking Company, et al,* (Civil Action No. 10-770-JJB-DLD). Defendants filed a tardy opposition on April 1, 2011. (rec. doc. 12).

Both matters arise out of an accident when a Kansas City Railway Company (KCS) train struck a tractor-trailer at a railroad crossing in Pointe Coupee Parish near Glynn, Louisiana. Plaintiffs Kirkland Wright and Kemetrick Thomas are KCS crew members who were operating the locomotive at the time of the collision and subsequent derailment and who seek damages as the result of injuries received in the incident. In a series of petitions and amended petitions, plaintiffs brought suit first against the trucking defendants (the

owner/operator of the tractor-trailer, Dixon & Sons Trucking Company; the driver, James Guidry; the owner of the tractor-trailer, Null Dixon; and the insurer of Dixon & Sons, Western World), for injuries sustained as a result of the incident; and then in a third amended petition, plaintiffs added a claim under the Federal Employers' Liability Act (FELA), 45 U.S.C. Section 51, *et seq.*, against Kansas City Southern Railroad for its alleged negligence in causing injury to plaintiffs. Plaintiffs specifically pled in the third amended complaint that

> This is an action arising under the provisions of [FELA]. This case is non-removable as it arises under the FELA. 28 U.S.C. Section 1445 limits the right to remove certain types of actions and states that:
>
>> A Civil action in any state against a railroad or its receivers or trustees, arising under Sections 51-60 of Title 45, **may not be removed to any district court of the United States.** (emphasis added). . . .

Rec. doc. 5-6, para.8, p.6.

In the meantime, KCS filed a complaint in this court under the court's diversity jurisdiction, naming Western World Insurance Group, Dixon and Sons Trucking Company, inc. and James Guidry as defendants. These same defendants immediately thereafter removed the state court petition, where they were also defendants, to federal court, filed a motion to consolidate the two actions, and claimed removal jurisdiction under 28 U.S.C., §1367, stating as follows:

> [T]his Court has supplemental jurisdiction over such claims as these claims arise out of the same core of operative facts, and therefore, form part of the same case or controversy, and removal is proper pursuant to 28 U.S.C. §§1441, 1442a and 1446.

Rec. doc 1, para. 12, p.4.

2

Defendants urged no other basis of jurisdiction over the removed action in their notice of removal. They do not dispute that the FELA claims may not be removed, and they agree that the parties in the state court action are not diverse.

## Law and Analysis

It is axiomatic that the party seeking removal carries the burden of establishing federal jurisdiction over the removed state court suit. *Garcia v. Koch Oil Co. of Texas, Inc.*, 357 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008).

Here, defendants claim that the court can and should exercise supplemental jurisdiction over the claims brought in state court by the KCS employees for their injuries, since those claims involve the same operative facts and arise out of the same incident that is the core of the KCS federal court complaint under diversity jurisdiction and brought against the same defendants. Section 1367 of the supplemental jurisdiction statute (28 U.S.C. §1367) reads as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Defendants do not allege that the court has original jurisdiction of the removed action; that is, they do not claim that there is any independent basis for federal jurisdiction in the case as filed in state court. They have instead filed a separate action in federal court under the court's diversity jurisdiction, and then reached into state court to grab an admittedly similar action and have now attempted to append the state court suit to their

3

federal action through consolidating the two actions. In their belated opposition, they expound upon their attempt to append one action to the other, and argue that because KCS alleged in its *federal complaint* that it was in compliance with all state and federal laws, this allegation somehow creates a federal question which can be tacked onto the state court action.

Their attempt fails for two reasons. First, each action in consolidated litigation must have its own basis for jurisdiction. *Kuehne & Nagel v. Geosource, Inc.* 874 F.2d 283, 287 (5th Cir. 1989)(citing *McKenzie v. United States*, 678 F.2d 571,574 (1982). Consolidation does not merge two actions into one. Each action retains its separate identity, and the court must consider the jurisdictional issues presented in each removed case separately without regard to the consolidation. *Alfred Dunhill, Inc. v. Republic of Cuba*, 425 U.S. 682,735 (1976); *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997).

Second, supplemental jurisdiction is not a source of "original jurisdiction" within the meaning of the removal statute. As Judge Parker wrote in *George v. Borden Chemicals, et al,* 960 F.Supp. 92, 95 (M.D.LA. 1997), "[d]efendants blur the distinction between the jurisdictional elements of section 1367 and the removal elements of section 1441. The removal statute allows removal only of a "civil action brought in a State court of which the district courts of the United States have *original jurisdiction . . .* "(emphasis added). Thus supplemental jurisdiction is not a source of original jurisdiction. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir 1966) and the cases cited therein."

Supplemental jurisdiction is just that – supplemental jurisdiction. The name itself implies that it is supplemental to something else. That "something else" is federal jurisdiction over a claim within the action itself. "Section 1367 allows plaintiffs to bring

federal claims in federal court even though combined with state-law claims that would not otherwise be within the federal court's jurisdiction. The statute is not, however, an independent source of removal jurisdiction. "To remove the Petition from state court to federal court, [defendants] must first find a federal claim in the Petition itself. *An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action.*" *In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D.Pa. 1995)(emphasis added).

Defendants have not found a federal claim that is removable within the state court petition. Defendants' sole argument for federal jurisdiction is that their "already-existing federal action" provides "the mechanism for removal of a non-removable state-court action." Since supplemental jurisdiction is not an independent source of removal jurisdiction and there is no other independent basis of federal jurisdiction over this removed action, defendants have failed to meet their burden of proof to show that federal jurisdiction existed at the time of removal.

## Fees & Costs

Plaintiffs have requested fees and costs under 28 U.S.C. §1447(c). Section 1447(c) provides that an order remanding a case "*may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, (5th Cir. 2000) (emphasis added). The question the court considers when using its discretion in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper. *Id.* When an objectively reasonably basis exists for seeking removal, fees should be denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005).

5

Plaintiffs spent most of their time arguing that their FELA claim was not removable and that defendants knew it; however, the non-removable FELA claim was not the basis of the arguments defendants put forth for removal and not the basis of the court's recommendation. Although the court finds defendants' arguments very weak, considering the unique facts and procedural posture of this case, the court finds that defendants did not lack entirely an objectively reasonable basis for removing this matter; therefore, the court recommends that attorneys' fees and costs not be imposed.

## **Recommendation**

It is the recommendation of the magistrate judge that plaintiffs' motion to remand (rec. doc. 5) be **GRANTED** and that *Kirkland Wright, et al v. Western World Insurance Company, et al,* (Civil Action No. 10-845-JJB-DLD) be remanded to the 18th Judicial District Court for the Parish of Pointe Coupee, State of Louisiana. It is further recommended that plaintiffs' request for fees and costs be **DENIED**.

Signed in Baton Rouge, Louisiana, on April 6, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KANSAS CITY SOUTHERN RAILWAY COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-770-JJB-DLD** |
| **DIXON & SONS TRUCKING COMPANY, ET AL** | |

## CONSOLIDATED WITH

| | |
|---|---|
| **KIRKLAND WRIGHT, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-845-JJB-DLD** |
| **WESTERN WORLD INSURANCE COMPANY, ET AL** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 6, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**